*Lora Sambrano v. Blanche*

BIA
Xu, IJ
A240 855 599/598/950

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-six.

PRESENT:
> **DENNY CHIN,**
> **SUSAN L. CARNEY,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

_____

**KATHERIN PILAR LORA SAMBRANO,**
**PEDRO ARMANDO TORRES**
**CORONEL, F.M.T.L.,\***
> *Petitioners,*

> **v.**                                                            **24-865**
>                                                                    **NAC**

_____

\* We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**
          *Respondent.*

_____

**FOR PETITIONERS:**      Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**      Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah K. Pergolizzi, Senior Litigation Counsel; Rachel L. Browning, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Petitioners Katherin Pilar Lora Sambrano, Pedro Armando Torres Coronel, and their minor child, natives and citizens of Peru, seek review of a March 25, 2024 decision of the BIA affirming an August 18, 2023 decision of an Immigration Judge ("IJ") denying Lora Sambrano's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Katherin Pilar Lora Sambrano, et al.*, Nos. A 240 855 599/598/950 (B.I.A. Mar. 25, 2024), *aff'g* Nos. A 240 855 599/598/950 (Immig. Ct. N.Y. City Aug. 18, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, including whether the harm suffered or feared has a nexus to a protected ground and whether an applicant is likely to be tortured, for substantial evidence. *See Nasrallah v. Barr*, 590 U.S. 573, 584 (2020); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). For CAT relief, an applicant "bears the burden of proving" that she "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity."

3

*Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (quotation marks omitted); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

The record does not establish that Lora Sambrano was targeted as a member of her proposed social group of the Torres Lora family. "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted). "[T]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Here, there is no evidence that the anonymous individual (or individuals) who extorted Lora Sambrano had anything other than a criminal motive of obtaining money. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (explaining that "general crime" and "random violence" are insufficient to establish eligibility for asylum); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."). Moreover, as the Government points out, Lora Sambrano's claim that the agency

4

failed to consider whether gang members had targeted her because of an imputed anti-gang political opinion is unexhausted because she did not raise it on appeal to the BIA. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Lora Sambrano similarly has not established a CAT claim. *See Quintanilla-Mejia*, 3 F.4th at 592. In determining the likelihood of torture, the agency considers, among any other relevant factors, whether an applicant has suffered past torture and conditions in the country of removal. 8 C.F.R. § 1208.16(c)(3). Lora Sambrano was not tortured in the past; she only received extortion demands and threats. *Id.* § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). And general country conditions evidence reflecting gang violence does not establish that someone in her circumstances—a former business owner who had been subject to extortion demands in the past—will more likely than not be tortured. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasizing that a CAT

5

applicant must "establish[] that someone in h[er] particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)). Moreover, given her admissions that the police told her they would be watching and that they would do their best to protect her, she did not establish that the authorities in Peru would likely acquiesce to her torture by gang members. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."); *cf. Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (holding, in addressing the unable-or-unwilling-to-protect standard for asylum and withholding of removal, that an applicant has to "show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior" (alterations and quotation marks omitted)).

For the foregoing reasons, the petition is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6